### ASTHEIMER v. O'PRAY.

*(Supreme Court, General Term, Third Department.   November 30, 1891.)*

INTOXICATING LIQUORS—CIVIL DAMAGE SUITS—EVIDENCE.
   In an action against a saloon-keeper for selling liquor to plaintiff's husband, whereby he became intoxicated, and, while in that state, was killed by a railroad train, it was shown that the evening before his death he had drunk intoxicating liquor at defendant's saloon, and that shortly afterwards he was drunk.   The next morning he returned to the saloon, and a witness testified that he poured something into a glass from a whisky bottle, which the witness paid for, though he did not see deceased drink it.   He was killed in less than three hours from that time. *Held,* that the evidence warranted a verdict that his intoxication was produced by liquor sold him by defendant.

Appeal from circuit court, Ulster county.   Affirmed.
Action by Mary Astheimer against Patrick J. O'Pray for damages for the death of plaintiff's husband in a state of intoxication produced by liquor sold him by defendant.   The jury found a verdict for plaintiff for $500, and from judgment entered thereon, and from an order refusing a new trial, defendant appeals.
Argued before LEARNED, P. J., and LANDON, J.
*E. S. Wood,* for appellant.   *G. D. B. Hasbrouck,* for respondent.

LEARNED, P. J.   The only question in this case is whether there was enough to go to the jury on the question whether the deceased drank intoxicating liquor at the defendant's saloon, which produced, in whole or in part, the intoxication under which he came to his death.   He was killed by a train of cars, about half past 8 in the morning of May 26th.   The afternoon previous, about 5 o'clock, he had been at defendant's saloon.   There he drank lager-beer. There is some evidence that such lager-beer was intoxicating.   The next morning, about half past 5 or 6 o'clock, he was also at defendant's saloon. He poured out a drink from a bottle like a whisky bottle behind the bar, which Kemp, the witness, declined to take, because, as he said, he didn't wish to get drunk again.   Kemp took a glass of beer, and paid for the drink which deceased took, although he said that he did not see deceased drink it. The whole transaction is plain enough.   The deceased is shown to have been drunk before 10 o'clock the evening previous, as he came out of Ludwig's saloon, and to have been asleep on Ludwig's stoop about 5 o'clock the morning of his death.   No question is raised on the appeal except that the evidence was not sufficient for the jury.   No alleged errors as to the admission of evidence are pointed out in the defendant's brief.   We have given a brief outline of the evidence, and it seems to us that it would have been improper to grant a nonsuit.   The jury were justified in their conclusion that the liquor drunk by the deceased at the defendant's saloon was in part the cause of his intoxication.   That such intoxication was the cause of his death is not disputed.   Judgment and order affirmed, with costs.